WILLIAM F. McINNIS *et al. vs.* ANGELO SCUNGIO *et al. d.b.a.* CRANSTON OIL SERVICE.

AUGUST 27, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This action of trespass on the case for a tort and consequential damages was tried before a justice of the

superior court sitting without a jury and resulted in a decision for the plaintiffs for $1,135 and costs. It is before us on the defendants' single exception to that decision.

It appears that William F. McInnis and his wife, hereinafter referred to as the plaintiff, on August 27, 1953 purchased from Albert E. and Barbara G. Larson a newly-constructed, one-family dwelling in Cranston, which had been built by Albert E. Larson, referred to herein as the builder; that said builder on April 24, 1953 had entered into a conditional sales contract with Angelo Scungio and his brother Joseph Scungio to install in the house a hot-water heating system; and that most of the work was done in July 1953 by the defendants who carried on business under the firm name of Cranston Oil Service and whom we shall herein refer to as the defendants. Sometime thereafter defendants entered the premises and removed the heating equipment.

The defendants contend that they were the owners of such equipment under the contract; that the plaintiff knew, or should have known, before and also on the date of his purchase that the builder was a conditional sales vendee and was in arrears in his payments; and that under the terms of the conditional sales contract defendants had the right, without notice, to enter said premises and remove the equipment as their own property. The defendants presented testimony that they had removed the equipment on August 24, 1953 because they had heard rumors that the builder was in financial distress and that plaintiff was planning to purchase the property. One of the defendants testified he had talked to plaintiff over the telephone and also in person before plaintiff purchased the house, and had notified him of defendants' interest in the heating equipment. The defendants and their witnesses also testified that a cardboard notice had been placed by them on top of the boiler stating that the heating equipment was subject to a conditional sales contract. The testimony of defendants was substantiated by several persons who were employed by them.

The plaintiff's testimony was in direct conflict with the evidence of defendants. He testified that he purchased the premises in question and paid a valuable consideration therefor; that he had no knowledge, actual or constructive, of the alleged conditional sales contract; that he had never talked to either defendant on the telephone or in person; and that he had at no time discussed the heating system with defendants or anyone else. He further testified that he visited the house on August 26 and on September 1, and that the heating system was there; that he did not see the cardboard notice testified to by defendants; that on September 2 he and his wife left for a trip to Canada and returned on September 18, 1953; that on September 19 he found out that the heating equipment had been removed; and that he has installed a new heating system at a cost of $1,135.

One of plaintiff's employees testified he visited the premises in question on September 14 and discovered that the boiler and oil burner had been removed. The builder testified that the heating equipment was in the house when he sold it to plaintiff, and that he had not told plaintiff he was in financial distress or that the heating system was not paid for.

The trial justice found that the boiler and other parts of the heating equipment were removed some time between September 1 and 14, 1953; and that plaintiff was without notice, actual or constructive, of any lien that these defendants had as a result of the conditional sales contract entered into between the builder and defendants. He concluded that the heating system was a permanent fixture attached to the realty in accordance with the law set forth by this court in *Cohen v. General Motors Acceptance Corp.*, 51 R. I. 153, and therefore rendered the decision for plaintiff herein appealed.

A careful reading of the transcript discloses conflicting testimony. The only question is whether the trial justice was warranted in making the findings of fact herein men-

tioned. Unless these findings are clearly wrong and fail to do justice between the parties, they will not be set aside, if he applied the law correctly. As to such findings, the trial justice had the advantage of seeing and hearing the parties and their witnesses, which is of great assistance in passing upon the credibility and the weight which should be given to the testimony. After a careful review of the evidence the trial justice decided that plaintiff had sustained his burden of proof, and it is evident that he did not believe the testimony of the defendants or their witnesses.

From our examination of the record, we cannot say that the trial justice was clearly wrong or that his decision failed to do justice between the parties. His findings of fact were supported by competent evidence, he applied the correct law, and therefore, in accordance with our well-established rule, such decision on conflicting evidence should stand. *Grillo* v. *Schaperow*, 81 R. I. 501.

The defendants' exception is overruled, and the case is remitted to the superior court for entry of judgment for the plaintiffs on the decision.

*Charles H. Eden, F. Albert Starr*, for plaintiffs.

*A. Louis Rosenstein, Leo L. Jacques, Donald P. Ryan*, for defendants.