MARY C. COLLINS *vs.* AMERICO GABRIELLE.

MARCH 27, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an action of assumpsit to recover damages based on an alleged breach of an oral contract. After a trial before a justice of the superior court sitting without a jury a decision was rendered for the plaintiff. The case is before us on the defendant's exceptions to such decision and to other rulings on evidence during the trial.

The plaintiff is the owner of a parcel of property adjacent to the water front at Misquamicut Beach in the town of Westerly. This property, which she operates as a hotel, consists of two buildings, one containing sleeping quarters for guests, and the other, which is involved in the instant action, containing kitchen and dining room facilities on the main floor and bathhouse, storage, refrigeration and heating facilities in the cellar. The latter building was severely damaged by the hurricane of August 31, 1954. It appears that sea water driven by the hurricane flooded the building, carrying great quantities of sand into the cellar, smashing in the seaward side of the building and destroying the contents therein.

On or about October 10, 1954 plaintiff and her brother, who helped her in the operation of the hotel, met defendant at the premises for the purpose of discussing plans to rebuild the damaged property and more particularly the construction of a wall on the side of the building facing the water. The plaintiff and her brother testified in substance that at this meeting they told defendant they wanted a solid concrete wall similar to the other three walls of the cellar; that they wanted the wall built for the purpose of keeping out the ocean water and as a protection against future storms and storm water; and that defendant suggested the construction of a stone and cement wall, which he stated would serve their purpose just as well as a solid concrete wall and would be cheaper to build because no expensive forms would be required.

They further testified that defendant stated he was familiar with stone and cement work; that he preferred that

kind of construction; and that he showed plaintiff a similar wall he had built on neighboring property which he said had withstood the recent hurricane. The plaintiff's brother testified that he was familiar with the latter wall on the neighboring property, and that it was well pointed with cement and had no voids in it.

It appears that at this conference plaintiff and defendant entered into an oral agreement whereby defendant agreed to construct a stone and cement wall running the entire width of the building for approximately 47 feet with returns on both ends of three or four feet in length, and that it would be two feet wide with footings three feet in width. Sometime after defendant commenced the construction of the wall he handed plaintiff an unsigned, handwritten memorandum which set forth the dimensions of the wall, the price of $1,150 which was agreed upon, and the time when payments were to be made.

The defendant completed the construction of the wall and was paid the stipulated sum. However, in August 1955, after a heavy rainstorm, plaintiff discovered that water had come through the wall and flooded the cellar. The plaintiff's witnesses testified that their investigation showed that the interstices or voids between the large stones at the bottom of the wall were not filled with cement; that an arm up to the elbow could be thrust between the stones; and that by reason of these open voids the wall was not waterproof or water resistant. Expert witnesses presented by plaintiff testified that it would cost $24 per linear foot to do the work necessary to make the wall serve the purpose of protection against water damage.

The defendant's testimony on the main issue was in direct conflict with that of plaintiff, namely, whether the oral agreement in question contemplated the construction of a waterproof wall. He testified that no mention had been made to him concerning a waterproof wall; that he agreed to build a footing and wall in accordance with the terms of

the unsigned written memorandum which he gave plaintiff and which contained no mention of a waterproof wall; and that the purpose of the wall so far as he was informed was merely to give support to the building. He offered no evidence on the question of damages.

After carefully reviewing the evidence the trial justice stated that the testimony of plaintiff and her brother relating to the oral agreement was more credible in view of the undisputed physical circumstances. He pointed out that the agreement in question was made right after the hurricane of 1954 during which the former cellar had been washed away; that the dimensions and structure of the wall seemed to be more consistent with plaintiff's version that it was for the purpose of withstanding sea water or flood water rather than as a support for the building; and that there was no evidence that such a massive wall would have been necessary for the limited purpose of support. For these reasons he concluded that plaintiff had asked defendant to construct a wall which would be normally waterproof; that the unsigned written memorandum produced by defendant was handed to plaintiff after the contract had already been made; and that the terms of the memorandum were not inconsistent with plaintiff's testimony that the wall was to be waterproof, since there was no disclosure in the memorandum that the wall would not be so morticed with cement as to be waterproof or water resistant.

For these reasons, and in view of his finding that the testimony was practically undisputed that the wall as constructed was neither waterproof nor water resistant and that it contained large voids through which water could readily flow, the trial justice decided that defendant did not carry out his contract with plaintiff and therefore on the basis of the testimony of plaintiff's expert witnesses he assessed damages in favor of plaintiff in the sum of $1,030.

The defendant's first four exceptions are based on his contention that there was insufficient evidence to support

the decision of the trial justice that defendant agreed to build for plaintiff a footing and wall for the purpose of withstanding sea water or flood water, rather than merely for the purpose of supporting the building.

After carefully examining the record it is clear that the evidence on the main issues is in direct conflict. The trial justice, who had an opportunity to see and hear the witnesses, gave credence to plaintiff's evidence that the contract in question was based on the oral agreement hereinbefore referred to and that such agreement included a promise on the part of defendant to build a wall for the purposes testified to by plaintiff and her brother. In addition the trial justice found as a fact that the unsigned written memorandum was handed to plaintiff after the oral contract had already been made and that its terms were not inconsistent with the oral agreement. We are of the opinion that there is sufficient evidence to support the findings of the trial justice that there had been a meeting of the minds on the part of the plaintiff and the defendant in respect to the purposes for which plaintiff wanted the wall built, and that defendant had agreed to construct a footing and wall which would serve those purposes.

The only question raised by defendant's first four exceptions is whether such findings are supported by the evidence. Unless these findings of fact are clearly wrong or fail to do justice between the parties, they will not be set aside, if the trial justice applied the law correctly. His decision upon the clearly conflicting evidence depended to a great extent on the credibility of the witnesses and the reasonableness and probability of their testimony. He had the advantage of seeing and hearing the parties and the witnesses, which is of great assistance in passing upon their credibility and the weight which should be given to the testimony. After a careful review of the evidence he decided that plaintiff had sustained her burden of proof, and it is

evident that he did not believe the testimony of defendant on the issue in question.

From our examination of the record, we cannot say that the trial justice was clearly wrong or that his decision failed to do justice between the parties. His findings of fact were supported by competent evidence, he applied the correct law, and therefore, in accordance with our well-established rule, such decision on conflicting evidence should stand. *McInnis* v. *Scungio*, 85 R. I. 18, 125 A.2d 139; *Bruin Paper Box Inc.* v. *Anthony Creations, Inc.*, 84 R. I. 495, 124 A.2d 875. In view of this conclusion we deem it unnecessary to discuss defendant's other contentions in support of these exceptions. Such exceptions are therefore overruled.

The defendant has expressly waived eight of his exceptions. His remaining exceptions numbered 5, 6, 11, 12 and 15 relate to specific evidentiary rulings of the trial justice.

Exception 5 relates to the trial justice's refusal to strike plaintiff's answer to the following question on the ground that it was not responsive: "Q. Miss Collins, what was said at your conference with Mr. Gabrielle and your brother as to the purpose for which this wall was constructed? A. As a protection against future storms, storm water." Assuming without deciding that it was error to allow such answer to stand, we are of the opinion that it did not influence the result and therefore was not prejudicial, especially since the witness had previously testified without objection by defendant that the purpose for which this wall was constructed was to keep out the ocean water. *White* v. *Alexion*, 79 R. I. 297, 301; *Conneally* v. *Gemma*, 82 R. I. 136, 143. This exception is overruled.

Exception 6 is based on the ruling of the trial justice sustaining plaintiff's objection to the following question asked her in cross-examination: "And do you base your claim on those contracts?" The question referred to two written documents, one of which was admittedly not involved in the instant case. The second document referred to

was the unsigned written memorandum which the trial justice found as a fact had been presented to plaintiff by defendant after the oral agreement had been made. In view of his finding that the instant action is based on the oral agreement and not on the unsigned written memorandum, it is our opinion that such ruling was not erroneous and in any event it did not prejudice defendant, since plaintiff had already testified that she was relying on the oral agreement. This exception is overruled.

Exception 11 relates to defendant's contention that the trial justice erred in allowing plaintiff's expert witness to answer a hypothetical question, which in effect asked the witness to assume that the wall in question was constructed for the purpose of protecting the property from hurricane water and then asked his opinion as to whether the wall was properly constructed for that purpose. The defendant objected on the ground: "There is nothing here to show what that wall was designed for." The defendant's contention has no merit in view of plaintiff's testimony pertaining to the purposes for which she had the wall built and her testimony concerning the nature of the damage inflicted by the hurricane of August 31, 1954. In addition the witness himself had previously testified concerning the results of his examination of the wall in question. This exception is overruled.

Exception 12 relates to the ruling of the trial justice allowing, over defendant's objection, an answer to the following hypothetical question asked of plaintiff's expert witness: "Recognizing that no wall can be absolutely guaranteed against hurricane damage, would you say that a wall which consists of stones solidly morticed together would be more effective against sea water than a wall such as the one that presently exists?" The trial justice overruled defendant's motion to strike the witness' answer in the affirmative. The defendant contended then, as he does now, that

the question was too indefinite, too general, and lacked vital and essential facts.

It is well-settled law that a trial court has reasonable latitude and discretion in permitting qualified expert witnesses to answer hypothetical questions. 58 Am. Jur., Witnesses, §852, p. 481. We cannot agree with defendant's contention that the question was too general or that it lacked a proper basis. The witness, who had qualified as an expert, had previously testified concerning his examination of the wall in question to the effect that probably 40 per cent of the voids were empty. It is therefore our opinion that the trial justice did not abuse his discretion in permitting the expert witness to answer the hypothetical question. This exception is overruled.

Exception 15 relates to a ruling of the trial justice sustaining plaintiff's objection to a question put to plaintiff's brother on recross-examination by defendant. The witness was being cross-examined as to the type of wall defendant was to build and as to what was said by him to defendant. In answer to a question by defendant's counsel, he had just testified that he told defendant he and his sister wanted the wall "constructed to keep out the sea water and hurricane damage." The witness was then asked: "Did you express that to Mr. Gabrielle?" He answered in the affirmative and was thereupon asked: "What did you say?" The plaintiff's objection to the last question was sustained. Assuming without deciding that such question was proper recross-examination and that it was error to exclude it, it is our opinion that it was not prejudicial in the circumstances, especially since the same ground had been covered by defendant's counsel in previous questioning of the witness. See *White* v. *Alexion, supra,* at page 301. In any event, there is sufficient evidence, which was not objected to by the defendant, to support the finding of the trial justice on the issue on which the defendant's counsel was cross-

examining the witness. See *Conneally* v. *Gemma,* 82 R. I. 136, 143. This exception is overruled.

All of defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Hinckley, Allen, Salisbury & Parsons, Douglas W. Franchot,* for plaintiff.

*Thomas J. Capalbo,* for defendant.