211 A.2d 645.

Marianna Araujo *vs.* Technical Casting Co.

JUNE 29, 1965.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

Condon, C. J. This is an original petition for workmen's compensation which was denied and dismissed by the trial commissioner. On appeal to the full commission that body entered a decree affirming in part and denying in part the decree entered by the trial commissioner. The cause is here on the petitioner's appeal from the decree of the full commission wherein it sustained the findings of fact in the trial commissioner's decree.

In support of her appeal petitioner assigned the following specific reasons: 1, that the full commission erred in finding petitioner's carpal tunnel syndrome is not connected with or caused by her employment, 2, in failing to award

total and partial disability payments from April 3, 1963, 3, in failing to award witness fees, and 4, in awarding petitioner's counsel a fee of only $75 for services performed before the single commissioner and the full commission; and 5, 6 and 7, that the decree is against the law and the evidence and the weight thereof.

It appears from the record that petitioner was a wax molder in the employ of respondent. The job required her to hold rubber molds together and to press upon them with her hands in order that the injected wax might flow into each part of the mold. As a result of continual pressure petitioner suffered severe pain in both thumbs to such an extent that she was forced to stop work on April 3, 1963. In May Dr. Joseph DeLuca performed an operation on the thumbs and thereafter about the end of June she stopped seeing him although, according to her testimony, she continued to experience numbness and pain in the thumb, index finger and middle finger of each hand during July, August, September and October. From May 9 through July 8 petitioner received compensation under a nonprejudicial preliminary agreement. However, she claims compensation for the period from April 3 to May 9 and also for the period since July 8, 1963.

It further appears from the record that because of the continued pain in her thumbs and fingers petitioner consulted Dr. Rosario Tomaselli on October 22, 1963. He diagnosed the cause of her pain to be a bilateral carpal tunnel syndrome in the right wrist and recommended surgery. He testified that it was perhaps related to excessive use of her hands but that until an operation was performed the cause of the increased pressure was often obscure. In answer to a question from the trial commissioner as to whether he would be in a better position after surgery to give his opinion as to causal connection between the syndrome and petitioner's excessive use of her hands on her job, he said he would. Thereupon the commissioner continued the case

for further hearing until petitioner submitted to surgery. On March 9, 1964 Dr. Tomaselli operated on petitioner's right wrist at the Rhode Island Hospital, from which she was discharged March 15.

On July 15, 1964 the hearing before the trial commissioner was resumed at which time Dr. Tomaselli was reminded of his former testimony as to causation and was then asked if he could now, after surgery, state his opinion as to whether or not the condition which he found in petitioner's right wrist was related to her employment, a history of which he had received from her. He answered, "Yes. My conclusion was that it was directly related to the use of her hands in employment."

However, on cross-examination he testified that when he first saw petitioner in October 1963 she "had been completely relieved of symptoms in her thumb according to my history but she had complained of pain in her fingers and thumbs related to a different mechanism of pain and it is that other mechanism of pain for which surgery was necessary in March, namely, compression of the medial nerve." He further testified that petitioner told him she had this difficulty which was corrected by surgery only since about July 1963. He was then asked, "Well, you want us to understand then it is your opinion that there was a lapse of time of three months between the time she stopped working and she developed these complaints?" He replied, "I didn't realize that she was out of work at that time. She had—I'm sorry, I don't have any opinion on that." Whereupon the trial commissioner interposed with the following hypothetical question:

"Doctor, assuming these facts that I am going to give you to be true for the sake of the question; that Mrs. Araujo started to work for this company in August of 1962; she worked up until April 3, of 1963; prior to that time she began to feel some pain at the base of both thumbs then gradually went up into the thumbs

and finally the thumbs would lock with pain. There is nothing in my notes that she testified of any symptoms such as you found relative to the carpal syndrome; she stopped work because of her two thumbs; had operation on May 9th for both thumbs; was discharged in June and then she didn't go back to work as I have it.

* * *

"Didn't go back to work at all and then it was not until October of '63 she came to see you for the symptoms you have in your history. Now since there were no symptoms of carpal tunnel syndrome when she stopped work and they only developed after this operation on the thumbs and after the thumbs had cleared up do you feel still that the carpal tunnel syndrome was, you found was related to the work she did prior to April of 1963?"

The doctor replied, "Not on that basis."

As a result due largely if not wholly to such interrogation the trial commissioner decided "That the present condition of the petitioner, diagnosed as carpal tunnel syndrome is not connected with, caused by or flows from her employment with the respondent." In substance petitioner contends that this was error since it was predicated upon an improper hypothetical question, the answer to which should have been disregarded and which would then have left undisputed the original testimony of Dr. Tomaselli that there was a causal connection between petitioner's syndrome and her employment. This contention was made to the full commission and they rejected it, saying: "The petitioner argues that this latter testimony was based on an inaccurate hypothesis, but reading the transcript as a whole, we do not feel that this is so. We feel that it is reasonable to infer that if the carpal tunnel syndrome was brought about by the manner in which the petitioner performed her duties while working for the respondent, that the condition would have appeared, and would have been noticed by Dr. DeLuca when he was treating the petitioner's thumb. Further,

more than six months elapsed between the time that the petitioner stopped working and the date on which she first consulted a physician for the condition in her wrists."

The petitioner did not make the admission of the hypothetical question the subject of a specific reason of appeal as is required to have its admissibility considered on appeal, *Warwick Brass Foundry Co.* v. *Universal Winding Co.,* 97 R. I. 474, 199 A.2d 29, nevertheless the full commission considered her objection to the question as put to the doctor by the trial commissioner and expressly approved the question. It is a well-established rule that the admission of a hypothetical question ordinarily rests in the discretion of the trial justice and his ruling thereon will not be disturbed except for abuse of such discretion. *Collins* v. *Gabrielle,* 87 R. I. 235. Of course a hypothetical question not based on facts in evidence would be inadmissible and to allow it would be a clear abuse of discretion. *Eastman* v. *Dunn,* 34 R. I. 416.

In the instant case, however, the full commission upon review of the record before the trial commissioner expressly found that the question propounded was based upon facts and reasonable inferences therefrom. Although the petitioner has not made such finding the subject of a specific reason of appeal to this court, we have nevertheless considered her general objection to the full commission's decision with reference to the hypothetical question and hold it to be without merit. From our examination of the record it does not appear that the full commission erred in approving the trial commissioner's admission of the question. The petitioner's other reasons of appeal are also without merit.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Higgins & Slattery, William C. Dorgan,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.