**Anthony J. KURAS, Plaintiff, Appellant,**

v.

**INTERNATIONAL HARVESTER COMPANY, et al., Defendants, Appellees.**

**No. 86–2024.**

United States Court of Appeals, First Circuit.

Argued May 8, 1987.

Decided June 4, 1987.

Edward F. St. Onge, Providence, R.I., for plaintiff, appellant.

Gregory L. Boyer with whom Boyer, Reynolds & DeMarco, Ltd., Providence, R.I., was on brief, for defendants, appellees.

Before BREYER and TORRUELLA, Circuit Judges, and CAFFREY,[*] Senior District Judge.

CAFFREY, Senior District Judge.

This is an appeal by plaintiff/appellant Anthony Kuras from a directed verdict entered by the District Court in a personal injury action. Plaintiff/appellant Anthony Kuras sued Outboard Marine Corporation and International Harvester Company for injuries to his hand from a lawn mower manufactured by Outboard Marine and marketed by International Harvester. Jurisdiction in federal court in based on diversity, 28 U.S.C. § 1332. The amended complaint predicates liability on theories of strict liability, negligence and breach of warranty. At the close of plaintiff/appellant's case, the district judge entered a directed verdict for the defendants/appellees on all three counts. We affirm.

At trial, Kuras testified that he purchased the mower in 1981 and used the mower regularly for mowing the lawn at his home. On June 7, 1984 Kuras was mowing his lawn. He testified that the grass began clogging in the refuse bag attached to the mower. Kuras took the bag off and cleaned and replaced it, but the grass "kept choking up in the chute." After five or six times of this procedure, Kuras shut the mower off, tipped it over, and placed his hand in the underside of the mower. The mower blade hit his right hand, severing one finger and partially severing another.

[*] Of the District of Massachusetts, sitting by designation.

Kuras' brother-in-law, Albert Robidoux, testified that he used the mower two weeks later, and noticed that the grass was clumping behind him, and that the back of the lawn mower was dragging. He further stated that the rear chassis height adjustment lever was at its bottom setting. A lawn mower mechanic testified that if the mower was too low, the grass would clump in the chute. From his examination of the mower a week before trial, the mechanic testified that the rear height adjustment was worn. Another witness, a mechanical engineer, stated that the mower's rear height setting could change by going over a bump. There was also testimony that there was a 5–7 second time lapse between shutting off the mower and the blade coming to a rest, and that there was no brake mechanism to stop the blade when the mower was shut off. In addition, the blade would kick back in the opposite direction before coming to a rest.

At the close of plaintiff's case, the court entered a directed verdict for defendants on all counts. The district court stated that defendants had no duty to warn plaintiff of the obvious danger of a spinning blade on the underside of the lawn mower. The court also ruled that the plaintiff, by putting his hand into the spinning blade, broke the chain of causation between the clumping of the grass in the mower and the injury to his hand. Thus, the court concluded that there was no proximate cause as to the rear height adjustment and the clogging of the grass. With regard to the blade stopping time, the court found that plaintiff had failed to introduce any evidence that the blade stopping time was causually related to his injury. In reviewing a directed verdict for the defendants, we view the evidence and all reasonable inferences in the light most favorable to the plaintiff. The question is whether when the evidence is seen in this light, there is but one conclusion as to the verdict that a jury reasonably could reach. *Goldstein v. Kelleher*, 728 F.2d 32, 39 (1st Cir.), *cert. denied*, 469 U.S. 852, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984).

On appeal, plaintiff primarily challenges the district court's conclusion that there was no proximate cause between alleged defects involving the clogging of the mower or the spinning of the blade and plaintiff's injury.[1] Plaintiff argues that putting his hand into the mower was not an intervening cause but rather was a reasonably foreseeable result of the alleged mower defects. Plaintiff's theory of liability is that he was drawn into a trap. The height adjustment lever was allegedly unstable and slipped into the lowest position. As a result grass clogged the mower chute. Plaintiff asserts that it was foreseeable that he would turn the machine over in order to investigate the repeated clogging. The 5 to 7 seconds the blade kept running after shutting off the mower and then the kicking back of the blade, plaintiff further argues, were the causes of his injury. Plaintiff also objects to the exclusion of certain testimony by his expert witnesses—the mechanic and the mechanical engineer—regarding blade stopping time and the stability of the rear chassis height setting.

Under Rhode Island tort law, a negligent act continues to be a proximate concurring cause of the injury if the intervening act could reasonably have been foreseen as a natural and probable result of the original negligence. *Testa v. Winquist*, 451 F.Supp. 388, 392 (D.R.I.1978); *Roberts v. Kettelle*, 116 R.I. 283, 294, 356 A.2d 207, 215 (1976); *S.M.S. Sales Co., Inc. v. New England Motor Freight, Inc.*, 115 R.I. 43, 47, 340 A.2d 125, 127 (1975). If the intervening act is not a reasonably foreseeable consequence, however, then the original negligence is rendered remote and not the proximate cause of the injury. Rhode Is-

1. The district court directed a verdict for defendants on all counts, including the count for breach of warranty. Although plaintiff appeals from the entry of directed verdict, he presented no arguments with regard to the breach of warranty count. We also note that appellant has not opposed appellees' argument that there was no evidence that notice was given to them within a reasonable time after the alleged breach. *See San Antonio v. Warwick Club Ginger Ale Company, Inc.*, 104 R.I. 700, 708, 248 A.2d 778, 782 (1968) (notice of alleged breach of warranty given to seller one year after the alleged breach was not given within a reasonable time).

land cases usually treat an "intervening act" in tort doctrine as an act of a third party. *E.g. Aldcroft v. Fidelity and Casualty Company of New York*, 106 R.I. 311, 314, 259 A.2d 408, 411 (1969). Some cases have used the term more broadly, however, to embrace conduct by the plaintiff which renders the allegedly negligent conduct of the defendant remote. *See e.g., Hueston v. Narragansett Tennis Club, Inc.*, 502 A.2d 827 (R.I.1986) (tennis player's wearing of ring, which caught on tennis court rail, causing injury, was not an intervening cause but rather at most a concurrent cause of injury); *State v. Dionne*, 442 A.2d 876, 887 (R.I.1982) (in criminal action for reckless driving resulting in death, "deceased's negligence is irrelevant absent evidence that would support a finding that the deceased's conduct amounted to an independent intervening cause.").

In the present case, the allegedly defective rear height adjustment was rendered non-proximate to plaintiff's injury by virtue of plaintiff's placing his hand into the spinning blade. The danger posed by the moving blade of the lawn mower is an open and obvious one. *See Ragsdale v. K–Mart Corporation*, 468 N.E.2d 524, 527 (Ind.App.1984); *Myers v. Montgomery Ward & Co.*, 253 Md. 282, 292–93, 252 A.2d 855, 863 (1969). There was no duty to warn plaintiff of this danger. Plaintiff testified that he could see the blade when he tipped up the mower, although he did not observe whether it was moving or not. Plaintiff confronted an open and obvious danger. Furthermore, we agree with the trial court that it was not a foreseeable consequence of an allegedly defective rear height adjustment that Kuras would tip the mower over and put his hand into a moving blade. We also agree with the trial court that plaintiff failed to establish any causal relation between the blade stopping time or blade kickback and plaintiff's injury.

Plaintiff asserts that the trial court erred in sustaining objections to various questions asked of plaintiff's expert witnesses regarding blade stopping times, blade braking mechanisms, and the stability of the chassis height adjustment. Many of the objections were sustained on the basis of the form of the question. The form of a hypothetical question is left to the discretion of the trial court. *Taylor v. Burlington Northern Railroad Company*, 787 F.2d 1309, 1317 (9th Cir.1986); *Tavernier v. McBurney*, 112 R.I. 159, 161, 308 A.2d 518, 520 (1973). Plaintiff could have reformulated the questions. In addition, since the alleged defects with respect to blade stopping time and chassis height adjustment were not the proximate cause of plaintiff's injuries, the exclusion of this testimony could not be harmful error.

*Affirmed.*