DECISION ON MOTION TO DISMISS
The matter now before this Court is the state's motion for dismissal of the defendant's appeal from a District Court finding of guilty on a complaint after trial charging the defendant with soliciting from a motor vehicle for indecent purposes, in violation of Rhode Island General Laws 1956 (1982 Reenactment) § 11-34-8.1. The state objects to the appeal based on the state's assertion that the defendant, who has been found guilty on a petty misdemeanor charge in the District Court, is not entitled to a de novo jury trial before this Court. The state objects to the defendant's right to a trial by jury. The state also objects to the defendant's entitlement to assigned counsel as an indigent in any proceeding when the charge and penalty confronted is a petty misdemeanor.
 FACTS
On August 16, 1996, the defendant, Julio Garcia, was arrested and charged with soliciting from a motor vehicle for indecent purposes. The maximum penalty for a first offense which may be imposed under R.I.G.L. § 11-34-8.1 is imprisonment for a term not exceeding six (6) months, and by a fine of not less than five hundred dollars ($500) and not more than one thousand dollars ($1000). Ultimately, the defendant was found guilty after a trial in the District Court and a two hundred and fifty dollar ($250) fine was imposed.
The defendant subsequently filed for appeal to this Court in a timely fashion and seeks a de novo trial by jury before this Court.
The defendant has been represented by the public defender since his arraignment in District Court.
 OPINION
A. RIGHT TO TRIAL BY JURY and RIGHT TO APPEAL
Article III, Section § 2, of the Constitution of the United States of America provides that the trial of all crimes, except in cases of impeachment, shall be by jury. The Sixth Amendment states further that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury.
Article II, Section § 10, of the Rhode Island Constitution provides that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . ." and "The right of trial by jury shall remain inviolate" (Art. I, § 15). State v. Vinagro,433 A.2d 945, 947 (R.I. 1981). The Rhode Island Supreme Court in Vinagro
stated that "[U]nder our State Constitution, an accused is entitled to such jury-trial right as was enjoyed at the time of the adoption of the Rhode Island Constitution." Id. at 946. "Incidents of the jury-trial right embodied in our. . . Constitution cannot be abridged even though they may not be embodied in the Federal Constitution." Re Advisory Opinion to theGovernor, 437 A.2d 542, 545 (R.I. 1981).
The R.I.G.L. § 11-1-2 (1994 Cum. Supp.) defines a misdemeanor and a petty misdemeanor as follows:
 "Any offense that may be punishable by a term of imprisonment of up to a year or by a fine not in excess of $500, or both, is described as a misdemeanor, while an offense carrying a potential of up to six months' imprisonment or a fine of up to $500, or both, is called a petty misdemeanor . . ."
This statute explicitly defines the criminal offenses and reflects the legislature's power to emphasize the seriousness of crimes by authorizing various times of incarceration and maximum fines to be imposed.
"To determine whether an offense is properly categorized as petty, the court must seek, `objective indications of the seriousness with which society regards the offense.'" Lewis v.U.S., 116 S.Ct. 2163 (1996) citing, Frank v. U.S., 395 U.S. 147, 148 (1969). In evaluating the seriousness of the offense, the court is to place primary emphasis on the maximum prison sentence followed by emphasis on other penalties and infringements. "An offense is presumed `petty,' unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious."Blanton v. city of North Las Vegas, Nevada, 489 U.S. 538, 543 109 S.Ct. 1289, 1293 (1989).
"In using the word `penalty,' we do not refer solely to the maximum prison term authorized for a particular offense. A legislature's view of the seriousness of an offense also is reflected in the other penalties that it attaches to the offense." Id. at 541. In categorizing a "petty" offense, "[t]he judiciary should not substitute its judgment as to seriousness for that of a legislature, which is far better equipped to perform the task, and [is] likewise more responsive to changes in attitude and more amenable to the recognition and correction of their misperceptions in this respect." Lewis 116 S.Ct. at 2166.
In the instant case, the defendant has been charged with a crime of soliciting from a motor vehicle for indecent purposes, and if found guilty, would deem the defendant guilty of a misdemeanor. Based upon the penalty of up to six (6) months imprisonment and the mandatory fine of at least five hundred dollars ($500) but not more than one thousand dollars ($1,000), the statute is a misdemeanor according to the legislative definition of offenses from R.I.G.L. § 11-1-2. Therefore, the charges levied against the defendant do not subject him to the penalties of a "petty" misdemeanor as the state has asserted, rather, the defendant is subject to the penalties of a misdemeanor.
The state contends that the defendant does not have the right to appeal this case to the Superior Court due to the conflict between R.I.G.L. § 12-22-1 and Rules 9(b) and 23 of the District Court Rules of Criminal Procedure. Rules 9(b) and 23 speak only to those facing the possible incarceration of six (6) months or more, concerning the right to appeal to the Superior Court. Although Rules 9(b) and 23 do not speak to those defendants facing six (6) months or less of possible incarceration, these rules are not in conflict and are not to act as a limiting device of a defendant's rights. Rhode Island General Law § 12-22-1 affords, "Every person aggrieved by the sentence of the district court for any offense other than a violation may . . . appeal to the superior court." Therefore, those defendants that have been convicted of a misdemeanor in District Court still maintain a right to appeal to the Superior Court. Based on the foregoing reasons the state's motion for dismissal of appeal is denied.
The state also asserts the Federal Court's interpretation of dealing with misdemeanors. In Baldwin v. New York, 399 U.S. 66, 73, 90 S.Ct. 1886, 1890, 26 L.Ed.2d 437, 443 (1970), the U.S. Supreme Court held that when the potential sentence cannot exceed six months, there was no right to a jury trial in criminal cases in which only a fine has been imposed against an individual. However, the right to trial by jury has its own unique basis under the Rhode Island Constitution. State v. Vinagro,433 A.2d 945. In Vinagro, the Rhode Island Supreme Court held that the state right to jury trial is far broader than the federal right and extends to all offenses which were criminal in nature. Id. at 948.
In Vinagro, the defendant, who was convicted of a "violation" relating to cruelty to animals, sought an appeal from his District Court conviction. The Rhode Island Supreme Court granted the defendant a right to a jury trial before the Superior Court and held that when the Rhode Island Constitution was adopted in 1842, a defendant could appeal de novo from any criminal conviction to the Superior Court and receive a jury trial; thus a defendant who was found guilty in District Court was entitled to a jury trial. Id. at 948.
In the instant case, the defendant is charged with a misdemeanor which has the possibility of incarceration as well as a fine, whereas in Vinagro the most extreme penalty that could be imposed was merely a fine. With the defendant facing the loss of liberty of up to six (6) months imprisonment, it is clear that higher penalty standards are at stake requiring this Court to afford the defendant a right to trial by jury.
The Court in Vinagro held, "Although it is true that the requirement of a jury in additional cases will increase administrative costs, it is inappropriate to allow such a consideration to displace the clear command of the State Constitution. If the administrative burden becomes, onerous, the proper solution is to amend the constitution." Id. at 949.
Therefore, the state has failed to establish that the defendant does not have the right to trial by jury in the instant case. For all of the foregoing reasons, the state's motion for denial of defendant's right to trial by jury is denied.
B. RIGHT TO COUNSEL
The Rhode Island Constitution provides that "In all criminal prosecutions, accused persons shall enjoy the right . . . to have the assistance of counsel in their defense." Rhode Island Constitution [Art. I, § 10]. The Rhode Island General Assembly in R.I.G.L. § 12-15-3 has authorized the Office of the Public Defender to represent indigent defendants in those criminal cases. By virtue of these laws, the defendant was referred to the public defender by the District Court.
The state in its memorandum contends that the right to counsel should not extend to the defendant here, who has been charged in the words of the state with a "petty" misdemeanor and faces possible incarceration of up to six (6) months imprisonment. This Court in this case has held as a matter of law that defendant has been charged with a "misdemeanor" according to both statutory and common law definitions.
The state asserts, where the accused cannot possibly face more than six (6) months imprisonment, that although disadvantaged, this fact may be outweighed by the benefits which result from speedy and inexpensive non jury adjudication. Baldwin
at 90. The rationale for such a conclusion is that the state has a legitimate interest in the efficient and inexpensive disposition of petty criminal cases and that constitutional provisions do not contemplate imposing upon the state "onerous and unreasonable burden[s]." State v. Holliday, 100 R.I. 93,280 A.2d 333 (1971); In Re Advisory Opinion to Governor,666 A.2d 813, 818 (R.I. 1995). It should be mentioned that an advisory opinion of the Rhode Island Supreme Court, "merely represents the individual opinions of the justices of this court and is not a binding precedent." Romeo v. Cranston Redevelop. Agency,105 R.I. 651, 656; 254 A.2d 426, Lerner v. Gill, 463 A.2d 1352, 1365; InRe Advisory Opinion to Governor, 666 A.2d 813 (R.I. 1995).
The state also cites Roe v. Affleck, 120 R.I. 679,390 A.2d 361, which dealt with denial of budgetary limitations in determining the extent of the state funded benefits for indigents which has been recognized as a valid consideration. However, the state ignored the fact that the Supreme Court had addressed this question in regard to denial of medical assistance benefits and not the denial of a defendant's liberty which constitutes a precious right deserving a higher standard of review.
In State v. Moretti, 521 A.2d 1003 (R.I. 1987), the Supreme Court held that "The confluence of the federal and the state guarantees is if an indigent Rhode Island criminal defendant faces a potential sentence of more than six months, Rhode Island constitutional law guarantees to a defendant appointed counsel, even if the trial justice predetermines that no prison sentence will be imposed. If the potential sentence is less than six months, federal constitutional law guarantees the defendant appointed counsel unless the trial justice predetermines that no prison sentence will be imposed." Id. at 1010. States, in applying provisions of their constitutions may afford their citizens greater protection than is provided under the United States Constitution. State v. Bertram, 591 A.2d 14 (R.I. 1991).
In the instant case, the defendant has come before this Court on appeal from the District Court. Defendant who has been charged with soliciting from a motor vehicle for indecent purposes, if found guilty, faces a possible incarceration of up to six (6) months. Therefore, the defendant is guaranteed appointed counsel unless this Court determines that no prison sentence will be imposed. This Court makes no predetermination as to incarceration of this defendant.
In Gideon v. Wainwright, 372 U.S. 335, 344; 83 S.Ct. 792, 796; 9 L.Ed.2d 799, 805, Justice Black said, "the right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours." Therefore, the state has failed to establish that the defendant does not have the right to counsel in the instant case. For all the foregoing reasons, the state's motion for removal of defendant's counsel is denied.