■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMIE TAYLOR, Appellant.—Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered November 28, 1990, convicting defendant, after a non-jury trial, of burglary in the third degree, and possession of burglar's tools, and sentencing him to concurrent prison terms of 2 to 4 years and 1 year, respectively, unanimously affirmed.

At approximately 6:00 A.M., a security guard, via a television monitor, observed defendant sitting at the receptionist's desk on the 20th floor of the McGraw-Hill building attempting to unlock a desk drawer. That guard and another repaired to the 20th floor and asked defendant what he was doing. Defendant replied that he was looking for a job. Upon being escorted to the security office, defendant threw a screwdriver towards the freight elevator. The security supervisor called the police and defendant was arrested.

Viewing the evidence in a light most favorable to the People and giving due deference to the trial court's findings of credibility *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of burglary in the third degree was supported by the evidence. The evidence indicates that the building was not open to the public. All entrances, with one exception, were locked and displayed "closed" signs. Further, two security guards were standing near the lobby entrance at the security desk equipped with a register for visitors to sign. In addition, there were rope partitions directing visitors to the register and there was a sign instructing them to produce proper identification in order to gain entrance. Thus, it is reasonable to infer from these circumstances that defendant

was aware that he entered the building unlawfully. Also, defendant's attempt to unlock the desk drawers, the early morning hour, and his presence in an "area off-limits to persons otherwise allowed to be in the * * * area" *(People v Lloyd,* 180 AD2d 527, 527-528, *lv denied* 79 NY2d 1003), support the inference that he intended to commit a crime at the time he entered the building.

Defendant's guilt of possession of burglar's tools was also proved beyond a reasonable doubt, by circumstantial evidence. A screwdriver can be considered a burglar's tool and circumstantial evidence can be used to establish the requisite intent to use it in the commission of an offense involving forcible entry *(see, People v Atson,* 139 AD2d 520, 521, *lv denied* 72 NY2d 856). Here, defendant was observed attempting to unlock a desk drawer at 6:00 A.M. in an area to which he had no proper access. When apprehended, he discarded the screwdriver, evincing consciousness of guilt *(see, People v Barnes,* 50 NY2d 375, 381).

We have considered defendant's other claims and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin and Ross, JJ.