**David P. AVARISTA**

v.

**Joseph M. ALOISIO et al.**

No. 95–109–Appeal.

Supreme Court of Rhode Island.

March 21, 1996.

Stephen E. Breggia, Providence, for Plaintiff.

John C. Manni, Johnston, for Defendant.

## OPINION

PER CURIAM.

This matter came before a hearing panel of this court on February 20, 1996, pursuant to an order directing the plaintiff to appear and show cause why the issues raised in this appeal should not summarily be decided. The plaintiff, David P. Avarista (Avarista), has filed this appeal from a judgment entered after a jury verdict in favor of the defendants, Joseph M. Aloisio et al. (Aloisio), and from the denial of his motion for a new trial.

On the evening of August 9, 1987, plaintiff, Lori Avarista, Paul Avarista, and Barbara McLaughlin, went to Club Confetti (the club), a Providence nightclub. The plaintiff alleges that as he was exiting the club, he was assaulted by Aloisio and several security personnel employed by the club. Following the assault, plaintiff was taken to the emergency room for treatment of severe head injuries. The plaintiff's blood sample that was subsequently drawn and tested revealed a blood-alcohol level of .22 percent.

In his complaint plaintiff alleged that defendant Aloisio was individually responsible for his injuries. He alleged that the club was negligent in hiring and supervising its security personnel and was liable for its employees, who were acting outside the scope of their authority. In response Aloisio denied that he was present on the evening of the incident and that he had participated in the alleged assault.

On March 30 and 31 and April 4, 1994, a trial was held before a jury. After plaintiff had rested, defendants moved for a directed verdict. The trial justice granted the motion in favor of defendant Club Confetti. He found that plaintiff presented no evidence to show that the club was negligent in hiring its security personnel. In addition, he found that there was no evidence to support a respondeat superior claim. The trial justice also denied the motion in regard to plaintiff's claim regarding Aloisio's individual liability.

The jury subsequently found that defendant Aloisio had not committed an assault and battery on plaintiff. On April 5, 1994, judgment was entered in favor of Aloisio. On April 25, 1994, plaintiff's motion for a new trial was denied. That same day plaintiff filed this notice of appeal. The plaintiff raises eight issues on appeal. We shall address each issue in the order in which it appears in plaintiff's prebriefing statement and shall provide any additional facts as may be necessary.

The plaintiff first argues that the trial justice erred in allowing defense counsel to question plaintiff's witnesses regarding their consumption of alcohol during the evening of the assault. The plaintiff contends that this testimony was "prejudicial and wholly improper." At the very least, plaintiff claims, a hearing should have been held pursuant to *Handy v. Geary*, 105 R.I. 419, 252 A.2d 435 (1969).

We have often stated that "[t]he permissible scope and extent of cross-examination rests in the sound discretion of the trial justice, and rulings of proper cross-examination will not be overturned absent an abuse of discretion." *New England Telephone & Telegraph Co. v. Clark*, 624 A.2d 298, 303 (R.I.1993). "Questions designed to explain, contradict, or discredit testimony given by a witness are permitted." *Id.* In *O'Brien v. Waterman*, 91 R.I. 374, 381, 163 A.2d 31, 35 (1960), we stated that "[t]estimony that a witness was intoxicated at the time of the occurrence of an event concerning which he testified is generally held to be admissible for the purpose of attacking the credibility of the witness" but "only to establish intoxication [and not] merely to establish that the witness consumed an alcoholic beverage at the time."

In the present case we are of the opinion that the trial justice did not abuse his discretion in allowing defense counsel to question plaintiff's witnesses concerning their intoxication. It should be noted that on direct examination, plaintiff's witnesses testified that they had ordered drinks at the club. Because the issue of intoxication was raised on direct examination of plaintiff's witnesses, defense counsel's questions at issue were within the scope of his cross-examination.

Defense counsel's cross-examination of the witnesses in this instance was therefore proper.

■■■ The plaintiff's argument that the trial justice should have held a *Handy* hearing is without merit. First, in *Handy* the issue of the plaintiff's intoxication was offered to prove contributory negligence. In the instant case the evidence pertaining to the issue of the witnesses' intoxication was offered to attack the witnesses' credibility. As stated previously, such evidence was permissible in order to test the witnesses' accuracy, memory, veracity, or credibility. *See State v. Crowhurst,* 470 A.2d 1138, 1143 (R.I. 1984). Moreover, a *Handy* hearing is designed to address "the potential prejudice to a litigant by the admission of this kind of evidence." *Handy,* 105 R.I. at 431, 252 A.2d at 441. In the present case it was plaintiff who raised the issue of drinking. Indeed, plaintiff testified on direct examination that he drank "quite a few" beers while at the club. Moreover, plaintiff's witnesses testified, on direct examination, that they had ordered some drinks at the nightclub. In these circumstances, plaintiff cannot now claim that he was prejudiced by defense counsel's questions regarding the witnesses' consumption of alcohol.

■■■ The plaintiff next contends that the trial justice erred by allowing Aloisio's expert "to proffer opinion evidence regarding [plaintiff's] alleged intoxication by responding to [a] hypothetical question containing inconclusive facts and facts not in evidence." The hypothetical question posed to the expert in the instant case addressed the amount of alcohol that was actually in plaintiff's blood. It is a well-founded principle that "to be considered admissible, a hypothetical question to an expert witness must embrace all the essential elements of the situation as they appeared in evidence." *Tavernier v. McBurney,* 112 R.I. 159, 161, 308 A.2d 518, 520 (1973). It is also settled law in this jurisdiction that "the admission of a hypothetical question rests within the sound discretion of the trial justice." *Tate v. Schwartz,* 511 A.2d 971, 974 (R.I.1986). We "will not lightly undertake to review an exercise of judicial discretion on the part of a trial

court." *Id.* (quoting *Cavanagh v. Cavanagh,* 118 R.I. 608, 625, 375 A.2d 911, 919 (1977)). Moreover, "a discretionary power should not be disturbed unless it clearly appears that such discretion has been improperly exercised or that there has been an abuse thereof * * *." *Id.* (quoting *Berberian v. Travisono,* 114 R.I. 269, 273–74, 332 A.2d 121, 124 (1975)).

■■■ In the present case the hypothetical question at issue pertained to plaintiff's blood-alcohol level and clearly contained all the essential elements of the situation as they appeared in evidence. Our review of the record in general and of the hypothetical question in particular does not evince an abuse of discretion on the part of the trial justice sufficient to disturb his rulings on appeal. The plaintiff's appeal on this issue is therefore unpersuasive.

■■■ In his third assignment of error, plaintiff alleges that the trial justice erred in prohibiting plaintiff "from eliciting an in-court identification of Aloisio on re-direct examination." When addressing this issue, the trial justice specifically indicated that "plaintiff's counsel went to great extent to ask Mr. Paul Avarista to describe the men that he could within the bar, and he did so in some detail, and never at all did he identify the defendant, nor was he asked to do so on direct examination." The trial justice further found that defense counsel "then launched into his cross-examination, secure in the knowledge that this witness would not and had not identified his client, and accordingly framed his cross-examination with that in mind." He then concluded that "it would be grossly unfair upon redirect to permit plaintiff's counsel then, in effect, to sandbag the defendant to then have [plaintiff] identify the defendant on redirect examination." In these circumstances we are not persuaded that the trial justice abused his discretion in this instance.

■■■ The plaintiff's fourth assignment of error involves the trial justice's refusal to give an instruction based upon the "empty chair" doctrine with regard to the absence of Aloisio's estranged wife, Dawn Aloisio. In *Anderson v. Friendship Body & Radiator*

*Works, Inc.,* 112 R.I. 445, 311 A.2d 288 (1973), "we recognized that the empty-chair doctrine is to be applied with caution so that as a condition precedent to its invocation, there must be a showing of the missing witness's availability to the person who would be expected to produce the witness." *Id.* at 450, 311 A.2d at 292. Moreover, "if the witness is equally accessible to both parties, no inference can spring from the failure of either party to call him." *Id.* at 451, 311 A.2d at 292.

Here, the trial justice found that "[t]here is no evidence on the record for this Court [to conclude] that this witness was accessible only to the defendant." In fact the trial justice found that Dawn Aloisio was equally accessible to both parties. Moreover, as the trial justice noted, plaintiff's counsel did not subpoena Dawn Aloisio for trial nor did he ask any witness of her whereabouts. In these circumstances we are of the opinion that the trial justice did not err in refusing to give an instruction based on the empty-chair doctrine.

The plaintiff next raises four distinct issues but offers no support for his contentions. Although we find each of the remaining issues to be without merit, we shall nevertheless address them accordingly.

The plaintiff claims that "the trial court erred by prohibiting [his] counsel from displaying photographs of the [plaintiff's] injuries to the jury during opening argument." The function of the opening statement, however, is not to introduce actual evidence to the jury. Rather, we have stated that "[t]he proper function of an opening statement is to apprise the jury with reasonable succinctness what the issues are in the case that is about to be heard and what evidence the prosecution and the defense expect to produce at trial in support of their respective positions." *State v. Byrnes,* 433 A.2d 658, 664 (R.I.1981). Nevertheless, "[i]t is well established in this state that the question of the materiality or relevancy of photographs is a matter of judicial discretion." *State v. Austin,* 462 A.2d 359, 367 (R.I.1983); *see also State v. Ware,* 524 A.2d 1110, 1113 (R.I.1987). Here, in the absence of any showing that the trial justice erred in prohibiting the introduction of cer-

tain photographs during the opening argument, we cannot say that the trial justice abused his discretion. Clearly, plaintiff's argument in this instance is without merit.

The plaintiff next argues that the trial justice erred by prohibiting his testimony regarding his mental anguish. On the record before us, we find no error in this instance. The trial justice reviewed certain documents which disclosed that plaintiff's emotional difficulty surfaced one year after the assault. The documents also revealed that plaintiff's anxiety was of a recent nature and was connected to his wife's pregnancy. On the basis of these findings, the trial justice found that plaintiff's emotional stability should not be addressed until plaintiff had established that his alleged emotional injury resulted from the alleged assault at the club. The plaintiff's counsel agreed with the trial court's observations and conceded that "if no causal connection is brought before the jury, then there could be some prejudice which would warrant a mistrial." However, the record clearly indicates that plaintiff failed to establish such a causal connection. Clearly plaintiff has waived any arguments regarding this issue on appeal. We therefore reject plaintiff's appeal on this point. Since the verdict found no liability on the part of the defendants, the issue of damages is not properly before us.

The plaintiff next argues that the trial justice erred in directing a verdict on the issue of respondeat superior. In reviewing a trial justice's decision on a motion for a directed verdict, this court must engage in the same analysis that the trial justice is to perform. *Valente v. Rhode Island Lottery Commission,* 544 A.2d 586, 590 (R.I.1988).

"We examine the evidence and all inferences reasonably flowing therefrom in the light most favorable to the nonmoving party. We do not consider the credibility of the witnesses or the weight of the evidence. We then determine whether * * * there is evidence for the jury to consider which would warrant a finding in favor of the nonmoving party. If we conclude that there is evidence supporting that party or that there is evidence on which reasonable

minds could differ, then the jury is entitled to decide the facts of the case." *Id.* (quoting *Marcotte v. Harrison,* 443 A.2d 1225, 1229 (R.I.1982)).

 In the present case there is no evidence, viewed in the light most favorable to plaintiff, that would support plaintiff's claim that he was assaulted by an employee or an agent of the club. We stress that plaintiff "may not rely upon mere conjecture or speculation to establish the essential elements of his case." *Geremia v. Benny's, Inc.,* 119 R.I. 868, 873, 383 A.2d 1332, 1334 (1978). We therefore conclude that the trial justice correctly entered a directed verdict for defendant Club Confetti.

The plaintiff's final issue on appeal is that the trial justice erred in denying his motion for a new trial. This court has clearly delineated the function of a trial justice when considering a motion for a new trial. *See Fox v. Allstate Insurance Co.,* 425 A.2d 903 (R.I.1981); *Barbato v. Epstein,* 97 R.I. 191, 196 A.2d 836 (1964).

"The trial justice first must consider all material evidence in the case in the light of the charge to the jury. In so doing, the trial justice must pass upon the weight and credibility of the evidence, accepting and rejecting conflicting testimony as if he were sitting as a fact-finder. Similarly, the trial judge may give weight to those facets of the evidence that he concludes are credible, drawing therefrom all proper and appropriate inferences. Having completed this process, the trial justice next must decide 'whether to approve the verdict even against doubts as to its correctness because the *evidence is nearly balanced, or is such that different minds can naturally and fairly come to different conclusions thereon * * *.'" Fox,* 425 A.2d at 907 (quoting *Barbato,* 97 R.I. at 194, 196 A.2d at 837).

The rule is well settled that we may not disturb a trial justice's determination unless we find that he or she has misconceived or overlooked material evidence or was otherwise clearly wrong. *See Welsh Manufacturing, Division of Textron, Inc. v. Pinkerton's, Inc.,* 474 A.2d 436, 444 (R.I.1984); *Fox,* 425 A.2d at 907.

On appeal, the plaintiff in the instant case "bears the burden of proving to us that the trial justice erred when, in denying [his] motion for a new trial he affirmed the verdict." *Malinowski v. Zalzal,* 113 R.I. 90, 94, 317 A.2d 875, 877 (1974). It should be noted that the plaintiff has not provided this court with a transcript of the hearing on the motion for a new trial. In light of the absence of a transcript and the lack of any attempt by the plaintiff to show that the trial justice overlooked or misconceived any material evidence, the most we shall say is that the plaintiff has not come close to meeting his burden. *See id.*

Accordingly, after hearing the arguments of counsel and reviewing the memoranda that the parties submitted, we conclude that cause has not been shown. The plaintiff's appeal is therefore denied and dismissed, and the judgment appealed from is affirmed.

WEISBERGER, C.J., and MURRAY and LEDERBERG, JJ., concur.

BOURCIER, J., not participating.