STATE of Rhode Island

v.

David SILVA.

No. 96–222–Appeal.

Supreme Court of Rhode Island.

Dec. 12, 1996.

Andrea Mendes, Aaron Weisman, Providence.

Barbara Hurst, Paula Rosin, Providence.

## ORDER

This matter came before the Supreme Court for oral argument on December 4, 1996, pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided. The defendant, David Silva (defendant), appeals from a judgment of conviction for assault with a dangerous weapon entered in the Superior Court in November 1995.

After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The defendant was convicted of assault with a dangerous weapon following a jury trial in November, 1995. The victim, Jay Paterson (Paterson) testified at trial that he and defendant were engaged in an argument when defendant began beating him with a metal crutch with which Paterson walked. Neither party filed a complaint with police but defendant was nevertheless arrested. Following his conviction, he appealed to this court, where he raises three allegations of error.

First, defendant contends that the trial justice erred in not submitting to the jury the lesser-included offense of simple assault. This court has held that it is proper for a trial justice to submit to the jury a lesser-included offense when the element that distinguishes the lesser and greater offenses is adequately disputed. *State v. Brown,* 549 A.2d 1373, 1377 (R.I.1988). In the present case, the elements distinguishing the offense

of assault with a dangerous weapon from that of simple assault were defendant's use of Paterson's crutch in the assault and the ability of defendant to inflict harm upon Paterson by means of the crutch. The trial justice determined that the uncontradicted evidence established that Paterson was hit repeatedly with the crutch by defendant, and that the crutch had the ability to inflict serious bodily harm. We agree with the findings of the trial justice.

Upon review of the record, we can find no evidence from which an inference could be drawn that Paterson was not assaulted with a crutch. The medical report detailing the injuries suffered by Paterson and the photographs showing explicit injuries to his head and back following the incident demonstrate that he was beaten with the metal object. Therefore, a rational factfinder could not return a verdict of guilty on the lesser-included offense of simple assault, but rather could either acquit defendant or find him guilty of assault with a dangerous weapon. Thus, defendant was not entitled to an instruction on the lesser-included offense of simple assault.

Second, defendant contends that a new trial should be granted because the jury improperly communicated with the sheriff during the course of deliberations, when the foreperson asked to review a police report, and the sheriff informed him that the report was not in evidence. The defendant did not learn of the communication until after the jury verdict and did not seek any relief at that time. However, he now argues that the trial justice should have vacated the conviction and declared a mistrial sua sponte. We disagree with defendant's position for two reasons. First, defendant has not preserved this issue for appeal since he made no effort at the time he learned of the communication to inquire into any impropriety on the part of the jury. Second, even if the issue were preserved, defendant's argument that the trial justice should have declared a mistrial sua sponte is misplaced. A trial justice is never permitted to grant a mistrial sua sponte unless there exists manifest necessity or the ends of justice require a mistrial. *United States v. Dinitz,* 424 U.S. 600, 606–07, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976). In the present case neither of these two elements was present to warrant a mistrial without defendant's consent. Therefore, defendant is not entitled to relief based upon this contention.

Third, defendant argues that the trial justice erred in sustaining an objection made by the state to defendant's closing argument which pointed out the absence from the state's case of testimony from two police officers who arrived upon the scene during the incident. The defendant apparently contends that the officers did not testify because they would contradict the evidence presented by the state that Paterson was struck with the crutch. However, after the trial justice sustained the state's objection, defendant continued to make this argument without further objection from the state. In addition, we believe that if defendant wished to expand upon this theory he could have called the officers to testify during his case in chief. Therefore, we find his argument unpersuasive.

For the foregoing reasons, the appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.