STATE

v.

**Frank ROGERS.**

No. 96–226–C.A.

Supreme Court of Rhode Island.

Dec. 23, 1996.

Aaron Weisman, Assistant Attorney General, for Plaintiff.

Barbara Hurst, Assistant Public Defender, Paula Rosin, Assistant Public Defender, for Defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. The defendant has appealed from a judgment of conviction entered in the Superior Court on two counts of selling cocaine. The facts underlying this conviction are as follows.

A Woonsocket police officer, Norman J. Galipeau (Galipeau), testified that he was investigating possible criminal offenses allegedly committed by defendant, Frank Rogers. After examining a photograph of defendant, he went to an apartment located at 495 Blackstone Street in Woonsocket at 12:30 p.m. on June 29, 1993. He was accompanied by a confidential informant who was identified as one Pam Smith. The informant introduced the officer to defendant in the apartment, which was brightly lighted. Shortly thereafter, the officer testified, he purchased two small bags of a white powdery substance from defendant for the sum of $40. This substance was later tested and determined to be cocaine. Upon returning to the police station Galipeau again examined defendant's photograph and confirmed his observation that the person from whom he had purchased the cocaine was the same person as was shown in the photograph.

The officer further testified that on July 8, 1993, he returned to defendant's apartment at ten o'clock at night. On that occasion he was alone. The officer stated that defendant admitted him into the apartment where Galipeau noted that Pam Smith was also present. Galipeau then purchased one small bag of a white powdery substance for the sum of $20. This substance was later tested and determined to be cocaine.

At trial Galipeau identified defendant as the person from whom he had purchased cocaine on June 29 and July 8, 1993. Galipeau further testified that the confidential informant, who had been previously arrested for prostitution, had agreed to help the Woonsocket police department in its investigation concerning defendant. Captain Herve Landreville, who was in charge of the Narcotics Division of the Woonsocket police at the time of the narcotics buys, corroborated Galipeau's testimony. He stated that Pam Smith was a police informant and was paid $50 by the police department each time that

she introduced an officer to a suspected drug dealer, resulting in the purchase of narcotics. He further stated that he listened by means of a concealed recording device to the conversation on June 29, 1993, between Galipeau and the person from whom Galipeau had purchased narcotics. He was unable to identify the voice as that of defendant.

The defendant testified in his own behalf and denied ever selling drugs to Galipeau, nor having ever seen him prior to trial. Although after some questioning defendant finally admitted knowing two people by the name of Pamela Smith, he denied that either were connected to the charges he faced. Finally, although admitting he had used drugs, defendant denied ever having sold them. Thereafter, in rebuttal, Patrolman Clyde Edward Giguere (Giguere) of the Woonsocket police department testified that on May 3, 1994, while working undercover he purchased cocaine from defendant for $20. The defendant retook the stand and denied ever having met Giguere, or selling him cocaine.

In support of his appeal defendant raises two issues. First, he argues that the trial justice erred in denying his request for an empty-chair instruction since Pam Smith was not presented as a witness by the state. Second, he argues that the trial justice abused his discretion in allowing the rebuttal testimony of Giguere.

■ In final argument counsel for defendant argued to the jury that the state had failed to meet its burden of proving guilt beyond a reasonable doubt partly because it did not produce Pam Smith, the confidential informant, as a witness. Defense counsel then made a request for an empty-chair instruction at the end of the trial justice's instructions to the jury. The trial justice was shocked at such a late request by defense counsel and told him that the request was not timely. *See State v. Jefferson*, 116 R.I. 124, 139, 353 A.2d 190, 199 (1976). Defense counsel accepted this statement and did not lodge a formal objection. However, even if his request had been timely and the issue preserved for review, defendant takes nothing on the merits of this issue. This court has held that an empty-chair instruction is only appropriate in the event that the requesting party first lays a foundation that the witness was available to the party who would be expected to produce that witness. *Avarista v. Aloisio*, 672 A.2d 887, 892 (R.I. 1996); *Anderson v. Friendship Body & Radiator Works, Inc.*, 112 R.I. 445, 450, 311 A.2d 288, 292 (1973). We have further stated that "if the witness is equally accessible to both parties, no inference can spring from the failure of either party to call [the witness]." *Avarista*, 672 A.2d at 892 (quoting *Anderson*, 112 R.I. at 451, 311 A.2d at 292). In the case at bar defendant did not show that Pam Smith was available to the state, nor that she was not equally available to defendant. Therefore the refusal to give an empty-chair instruction was not in error. *See State v. Charlton*, 30 Conn.App. 359, 620 A.2d 1297, 1302 (1993).

■ In respect to the trial justice allowing the rebuttal testimony of Giguere, we have stated that "the proper function and purpose of rebuttal testimony is to explain, repel, counteract, or disprove the evidence of the adverse party." *State v. Stewart*, 663 A.2d 912, 927 (R.I.1995) (quoting *State v. Donovan*, 120 N.H. 603, 419 A.2d 1102, 1105 (1980)). In that case we also stated that the decision to permit rebuttal testimony lies in the discretion of the trial justice. In the case at bar Galipeau's testimony rebutted the flat statement of the defendant that he had never sold drugs. Such a statement would permit in rebuttal even such evidence as would otherwise be inadmissible. *Walder v. United States*, 347 U.S. 62, 65, 74 S.Ct. 354, 356, 98 L.Ed. 503, 507 (1954). This is a classic case of appropriate rebuttal testimony and certainly constituted no abuse of discretion on the part of the trial justice.

For the reasons stated, the appeal of the defendant is denied and dismissed and the judgment of conviction is affirmed.