## STATE

### v.

### James AYOTTE.

### No. 96–512–C.A.

Supreme Court of Rhode Island.

April 29, 1997.

Annie Goldberg, Aaron Weisman, Providence.

Janice Weisfeld, Paula Rosin, Providence.

### ORDER

This case came before the Supreme Court on April 10, 1997, pursuant to an order that directed both parties to show cause why the issues raised by the appeal of the defendant, James Ayotte, should not be summarily decided. The defendant has appealed from a judgment of conviction and commitment for five counts of first-degree child molestation.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, this Court concludes that cause has not been shown, and the case will be decided at this time.

The defendant was convicted of molesting a nine-year-old girl and a ten-year-old girl, whom we shall refer to as "Jane" and "Melissa," during a camping trip in May 1989. On appeal, defendant first argued that the trial justice erred in preventing defense counsel from arguing to the jury during closing argument that the state had failed to present medical evidence in support of the charges. In the portion of the transcript relied on by defendant to support his claim, defense counsel stated to the jury:

"[Jane] was examined, ladies and gentlemen, but you didn't see the doctor take

this witness stand and you didn't hear the evidence that that doctor had to say about whether or not sexual intercourse took place and, more importantly, you didn't find out what kind of a hymen she had, did you? You didn't find out any of that because that doctor was missing. He didn't take the stand and the state has the burden of proof in this case beyond a reasonable doubt."

At this point, the state objected and the objection was sustained. The trial justice instructed the jury to "[d]isregard that" and stated that "[t]here's no Empty Chair Doctrine on the record offered in this courtroom."

The quoted passage from the transcript makes clear that defense counsel was asking the jury to draw an adverse inference based on the failure of the doctor who examined Jane to take the stand. This Court has previously held that an empty-chair jury instruction, which charges the jury that it may draw an adverse inference based on a party's failure to call a witness who might be expected to testify in support of that party's case, *State v. Jefferson*, 116 R.I. 124, 139, 353 A.2d 190, 199 (1976), is appropriate only if the requesting party "first lays a foundation that the witness was available to the party who would be expected to produce that witness." *State v. Rogers*, 687 A.2d 1242, 1243 (R.I. 1996) (citing *Avarista v. Aloisio*, 672 A.2d 887, 892 (R.I.1996); *Anderson v. Friendship Body & Radiator Works, Inc.*, 112 R.I. 445, 450, 311 A.2d 288, 292 (1973)). It is undisputed that defendant did not lay a foundation that the doctor, who might have been expected to substantiate the state's claim that Jane had been penetrated by defendant, was available to the state to testify. In the absence of such a foundation, we are of the opinion that defense counsel's empty-chair argument to the jury was inappropriate. *See State v. Silva*, 685 A.2d 1072, 1073 (R.I.1996) (no error where trial justice sustained objection to defendant's remarks in closing argument regarding state's failure to call certain witnesses). We note that defense counsel did argue, without objection, about the lack of medical evidence.

The defendant has also contended that the trial justice erred in denying his motion for a new trial. In reviewing a ruling on a motion for a new trial, we accord great weight to the trial justice's factual findings. *State v. Vorgvongsa*, 670 A.2d 1250, 1252 (R.I.1996). "Whenever the trial justice has followed the requisite procedure and articulated a sufficient rationale for denying a motion for a new trial, the decision will not be disturbed unless the trial justice has 'overlooked or misconceived material evidence relating to a critical issue or was otherwise clearly wrong.'" *State v. Snow*, 670 A.2d 239, 244 (R.I.1996) (quoting *State v. Caruolo*, 524 A.2d 575, 585 (R.I.1987). Both girls testified in graphic detail that the defendant subjected them to sexual assault on the night of the camping trip. The trial justice determined that the girls were credible witnesses and stated that "if I were sitting without a jury I would find the defendant guilty of all the five counts that he's charged with." Because the trial justice performed the appropriate analysis in deciding the new trial motion, we sustain his determination.

Consequently, we deny and dismiss the defendant's appeal, affirm the judgment of the Superior Court, and remand the papers in the case to the Superior Court.