**STATE**

v.

**Nolan R. TEVAY.**

No. 97–54–C.A.

Supreme Court of Rhode Island.

March 5, 1998.

Jane McSoley, Aaron Weisman, Asst. Attys. Gen., for Plaintiff.

Janice Weisfeld, Paula Rosin, Asst. Public Defenders, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

On January 23, 1998, this case came before the Supreme Court pursuant to an order directing both parties to appear and show cause why the issues presented by this appeal should not be summarily decided. After examining the parties' memoranda and hearing their arguments, we perceive that cause has not been shown and shall therefore proceed to determine the merits of this appeal at this time. The defendant, Nolan R. Tevay (Tevay), appeals his conviction on one count of second-degree child molestation in violation of G.L.1956 § 11–37–8.3. The pertinent facts follow.

The victim in this case, Jody (a fictitious name), was twelve years old when she testified to an incident involving Tevay, her stepfather, which had occurred some months prior to August 1994. Jody testified that one afternoon at her mother's request she entered the bedroom where Tevay had been sleeping to wake him for work. After enter-ing the room, Jody stated, she told Tevay to wake up and then proceeded to shake him with her hands. At this point Tevay grabbed Jody, pulled her into his bed, touched her buttock, and forced Jody to touch his penis. Jody testified that during the two-minute incident Tevay's eyes were halfway open and that he warned her later not to tell anyone or he would beat her.

After freeing herself from Tevay's grasp, Jody testified, she ran down the stairs where she encountered her mother, who stated: "Are you okay? You look like you saw a ghost." Jody responded, "Mommy, I think Nolan thought I was you." Jody refused to explain, however, and suggested that they just "forget about it." Thereafter, for reasons apparently unrelated to this incident, Tevay moved out of the home. This separation was only temporary.

On February 14, 1995, Jody's mother informed Jody that Tevay would be returning home. On that same day Jody confided in a cousin, and later told her mother, about the earlier bedroom incident with Tevay. Subsequently, Jody gave a police statement in which she stated that Tevay had forced her to touch his penis and that Tevay had also touched her vagina. Tevay was later charged with two counts of second-degree child molestation. Count 1 charged that Tevay had touched Jody's vagina with his hand, and count 2 charged that Tevay had forced Jody's hand to touch his penis. Both counts related to the same incident.

At trial, Jody testified that Tevay had forced her to touch his penis, but contrary to her police statement Jody denied that Tevay had touched her vagina. When Tevay took the stand in his own defense, he denied any inappropriate conduct with Jody, though he did acknowledge that he was a heavy sleeper and that on occasion, when his wife would attempt to wake him, he would pull her into bed. Tevay conceded that there was a "ten percent chance" that the incident did occur without his realizing it.

As a result of Jody's failure to testify to the vaginal touching, along with the fact that defense counsel successfully blocked the introduction into evidence of the police report

that referred to the vaginal touching, the state was unable to prove count 1, and this count was subsequently dismissed pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure. Thereafter, the jury deliberated and then convicted Tevay on the remaining count. Tevay now appeals.

Tevay first argues that the trial justice did not adequately inform the jury of the mens rea requirement needed to find him guilty of second-degree child molestation in light of his defense that if he did commit the charged act, he did so while semiconscious and under the mistaken belief that Jody was his wife. The trial justice initially instructed the jurors that they must find beyond a reasonable doubt that Tevay's conduct was intentional and had as its purpose sexual arousal or gratification. Following defense counsel's objection to the failure to instruct on the defense of accident or mistake-of-fact, the trial justice expanded upon his instruction by reiterating that the state must prove Tevay's conduct intentional beyond a reasonable doubt and "that [Tevay] may not be found guilty of conduct which you feel from the evidence, causes you to conclude that the conduct was accidental." After this instruction defense counsel again objected and repeated his request for a mistake-of-fact instruction. This request was denied.

▮ It is well settled that in order to withstand appeal, a jury charge must cover the law adequately. *See, e.g., State v. Grabowski,* 672 A.2d 879, 882 (R.I.1996). " '[T]his court examines jury instructions in their entirety to determine the manner in which a jury of ordinary, intelligent lay persons would have comprehended them.' " *Id.* " 'To ascertain whether an instruction has fairly set forth for the jury the legal principles controlling a crucial factual issue, we must read the allegedly inadequate instructions in the context as a whole.' " *Id.* Applying the above principles to the facts of this case, we conclude that the jury instruction as a whole was adequate.

▮ The trial justice instructed the jurors that they must find Tevay's conduct intentional beyond a reasonable doubt and not as a result of an accident. Although the trial justice denied Tevay's request to instruct on

mistake-of-fact, we are of the opinion that both accident and mistake-of-fact in the context of this case relate to the same defense theory. In other words the accident was the mistaken belief that Jody was Tevay's wife. Therefore, we conclude the jurors were adequately informed that if they had found Tevay's conduct toward Jody was unintentional, for any reason, they were to return a verdict of not guilty.

Tevay's second argument on appeal concerns the trial justice's refusal to permit defense counsel to argue during closing argument that Jody's testimony lacked credibility because of an inconsistency between her trial testimony and the statements that she had previously given to police. Specifically, defense counsel argued that the jury should be allowed to draw a negative inference regarding whether Jody testified truthfully to having been forced to touch Tevay's penis (count 2) because Jody's testimony that Tevay did not touch her vagina (count 1) contradicted her prior police statements. The trial justice denied defense counsel's request. We conclude this ruling was not erroneous.

▮ In support of his argument, Tevay cites to a police statement where, in contrast to Jody's trial testimony, Jody stated that Tevay had touched her vagina. This statement, however, was never introduced into evidence, and in fact upon the state's attempt to do so, defense counsel successfully blocked its introduction. By keeping the police statement out of evidence, defense counsel was able to exclude any evidence of vaginal touching and therefore to secure a dismissal of count 1. Furthermore, although the state did refer to vaginal touching in its opening statement, an opening statement does not constitute evidence. *See Avarista v. Aloisio,* 672 A.2d 887, 892 (R.I.1996). Because no evidence was presented concerning vaginal touching, the trial justice properly prohibited defense counsel's closing argument that Jody's trial testimony was inconsistent.

For the foregoing reasons we deny and dismiss the defendant's appeal. The judgment appealed from is affirmed, and the

papers in this case are remanded to the Superior Court.

BOURCIER, J., did not participate.