■ In the Matter of Jacqueline S., a Person Alleged to be a Juvenile Delinquent, Appellant. [726 NYS2d 135] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Grosvenor, J.), dated May 8, 2000, which, upon a fact-finding order of the same court, dated April 11, 2000, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of possession of an imitation firearm, resisting arrest, menacing in the second degree, and menacing in the third degree, adjudged her to be a juvenile delinquent and placed her on probation under the supervision of the Probation Department for a period of 12 months. The appeal brings up for review the fact-finding order dated April 11, 2000.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation under the supervision of the Probation Department for a period of 12 months is dismissed as academic, without costs or disbursements, as the

period of placement has expired (*see, Matter of Carlos S.,* 243 AD2d 569); and it is further,

Ordered that the order of disposition is modified, on the law, by vacating the provision thereof which adjudicated the appellant a juvenile delinquent based upon the finding that she committed acts which, if committed by an adult, would have constituted the crime of menacing in the third degree and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewed in the light most favorable to the presentment agency (*see, People v Contes,* 60 NY2d 620; *Matter of Stephanie F.,* 194 AD2d 789), we find that the evidence adduced at the fact-finding hearing was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact are not against the weight of the evidence (*cf.,* CPL 470.15 [5]).

The appellant's remaining contention, that Administrative Code of the City of New York § 10-131 (g), which makes possession of a toy that substantially duplicates an actual pistol or revolver a crime, is void for vagueness, is unpreserved for appellate review. In any event, the claim is without merit (*see, People v Klufus,* 1 Misc 2d 828, 833, *affd* 2 AD2d 958; *see generally, People v Judiz,* 38 NY2d 529). Contrary to the appellant's contention, the statute in question is sufficiently definite "to give [a] person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute" (*United States v Harriss,* 347 US 612, 617; *see also, Grayned v City of Rockford,* 408 US 104, 108-109; *People v Nelson,* 69 NY2d 302, 307), and sets forth sufficiently explicit standards for those who apply it so as to preclude "resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application" (*Grayned v City of Rockford, supra,* at 109; *see also, Smith v Goguen,* 415 US 566, 578; *Giaccio v Pennsylvania,* 382 US 399, 402; *People v Nelson, supra*).

However, we dismiss the count of menacing in the third degree as a lesser-included offense of menacing in the second degree (*see, Matter of Shaneeka M.,* 238 AD2d 594, 595; *Matter of Peter L.,* 233 AD2d 257, 258). Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.