**STATE**

**v.**

**Armando C. FERNANDES.**

**No. 98–466–C.A.**

Supreme Court of Rhode Island.

Oct. 31, 2001.

Aaron L. Weisman, Lauren Sandler Zurier, Providence, for Plaintiff.

Paula Lynch Hardiman, Providence, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

We address here the propriety of jury instructions for the crime of breaking and entering. The defendant, Armando C. Fernandes, appeals from a judgment of conviction on one count of breaking and entering in violation of G.L. 1956 § 11–8–2 and one count of assault in violation of G.L. 1956 § 11–5–3. Although a single justice of this Court ordered the parties to show cause why this appeal should not be decided summarily, they have not done so. Therefore, we proceed to decide the appeal at this time.

After a jury trial, the Superior Court sentenced defendant to ten years on the breaking and entering count, with three years to serve and the remainder suspended with probation. The court also imposed an additional one-year suspended sentence for the assault count, to run concurrent with the other sentence.

This conviction arose from a nighttime altercation between defendant and a neighboring homeowner named Ramsay. Angered by a remark that Ramsay allegedly had uttered attributing a malodorous fish smell in the neighborhood to defendant's fiancée, defendant pulled Ramsay out of his home and battered him. On appeal, defendant's only contention is that the trial justice erred in instructing the jury on the breaking and entering offense. Specifically, he argues that, after the jury sought clarification of what constituted a breaking and entering, the trial justice erred in failing to instruct the jury that force was a required element of the crime. The defendant also maintains that the trial justice improperly relied upon

*State v. Johnson,* 116 R.I. 449, 358 A.2d 370 (1976) in concluding that the element of entry was satisfied if any portion of the defendant's body crossed the threshold of the house. He further suggests that even if he entered the victim's home without consent, he did not use force, which is an essential element of breaking and entering.

At the conclusion of defendant's case, the trial justice instructed the jury, in relevant part, as follows:

"The elements to be proved beyond a reasonable doubt are the breaking and the entering into the dwelling house of Mr. Ramsay without his consent. The opening of a closed but unlocked door, and the unlawful making of a [*sic* ] one's way into the premises, constitutes a breaking and entering. A dwelling house means the home of a person. A place that is itself habitable. Without consent means what those words imply and needs *no further definition. The* owner also needs no further definition."

After the trial justice finished the instructions, defendant objected to the instruction on breaking and entering because the trial justice had failed to mention that the break must involve the exertion of force. In response, the trial justice added:

"Ladies and gentlemen, let me clarify with respect to Count 1 and Count 2, the element of the offense which the State must prove. They must prove beyond a reasonable doubt that on September 1st, that Mr. Fernandes did break into the dwelling house of Mr. Ramsay, that he did enter into the dwelling house of Mr. Ramsay, and that he did so without the consent of Mr. Ramsay. The term breaking implies the use of force, no matter how slight."

Less than an hour after it began to deliberate, the jury sent the following request to the court:

"Please define 'Breaking & Entering' i.e. does 'entering' constitute breaking the Plane of the house. Please define Willful Trespass."

The trial justice answered the jury's questions by stating:

"In answering the first question, the definition of breaking and entering, the General Laws of the State of Rhode Island provides as follows: Every person who shall break and enter at anytime of the day or night, any dwelling house, whether the same is occupied or not, without the consent of the owner or tenant of such dwelling house is guilty of the offense.

"The element[s] which the State must prove beyond a reasonable doubt are the breaking and entering of the dwelling house of the alleged victim in this matter, Mr. Ramsay, without his consent. I will instruct you, ladies and gentlemen, that for your consideration, that the opening of a closed but unlocked door, and the unlawful making of one's way into the premises constitutes a break and entering.

"A dwelling house means the home of a person, a place that is habitable. Without consent means what the words imply. They need no further definition. The word owner also needs no definition.

"The second clarification asks does 'entering' constitute breaking the plane of a house. If you find, ladies and gentlemen, from the credible testimony that has been offered, and you accept that the defendant went—any portion of his body went beyond the threshold of the property, then you may consider that as being a breaking and entering."

■ We will uphold a challenged jury instruction if the charge given by the trial justice adequately covered the law. *State*

v. *Brezinski,* 731 A.2d 711, 713 (R.I.1999). "[T]his [C]ourt examines jury instructions in their entirety to determine the manner in which a jury of ordinary, intelligent lay persons would have comprehended them." *State v. Anderson,* 752 A.2d 946, 951 (R.I. 2000) (quoting *State v. Leuthavone,* 640 A.2d 515, 521 (R.I.1994)). We will not view a single phrase or sentence in isolation, but will examine "the allegedly inadequate instructions in the context as a whole." *Id.* (quoting *State v. Baker,* 417 A.2d 906, 910 (R.I.1980)). Moreover, "[t]he trial justice may instruct the jury in his or her own words as long as the charge sufficiently addresses the requested instructions and correctly states the applicable law." *State v. Lynch,* 770 A.2d 840, 846 (R.I.2001) (quoting *State v. Mastracchio,* 546 A.2d 165, 173 (R.I.1988) and citing *State v. Tooher,* 542 A.2d 1084, 1088 (R.I.1988); *State v. Caruolo,* 524 A.2d 575, 584 (R.I.1987); *State v. Burke,* 522 A.2d 725, 736 (R.I.1987); *State v. Lambert,* 463 A.2d 1333, 1338 (R.I.1983)).

Here, in both the original instruction and the clarification, the trial justice explained the statutory elements of breaking and entering and indicated that force was a required element of the offense. In his initial instructions to the jury, after the defendant had objected, the trial justice added that "[t]he term breaking implies the use of force, no matter how slight." In his re-instruction to the jury, he quoted the Rhode Island General Laws in defining "breaking and entering," further explaining that "the opening of a closed but unlocked door, and the unlawful making of one's way into the premises constitutes a break and entering." This explanation adequately conveyed to the jury that even though the use of force was a required element of the offense of breaking and entering, this element could be satisfied by the mere opening of a closed door. *See State v. Charette,* 688 A.2d 1286 (R.I.1997)

(opening of a closed but unlocked screen door held sufficient to constitute a breaking).

The defendant also challenges the trial justice's clarification to the jury on the element of "entry." He suggests that this case is factually similar to *State v. Beeley,* 653 A.2d 722 (R.I.1995), but his reliance on *Beeley* is misplaced. In that case, the defendant had accompanied his friend, John Perry, back to Perry's apartment where he lived with his wife. While the defendant parked his car, Perry went to his apartment and found his wife in bed with another man, Robert Harding. An altercation ensued between Perry and Harding. The defendant, who had been waiting outside the apartment door, entered the apartment through an open door and attacked Harding. At trial, the defendant argued that he was entitled to a judgment of acquittal on the charge of breaking and entering because there was no evidence offered to support the element of a "break." On appeal, this Court agreed, ruling that there was no evidence "that Beeley exerted force to effectuate a break-in." *Beeley,* 653 A.2d at 725. Rather, the Court held that Beeley had "walked through an already open door to enter the apartment." *Id.*

Unlike the defendant in *Beeley,* however, defendant in this case did not walk through an open door. The evidence in this case suggested that defendant exerted force by using his arm as a barrier to prevent the victim from closing the interior door to his home and thereafter by extending his arm into the victim's home to grab the victim and drag him out of the house.

■ In defining entry, the trial justice seemed to rely on *Johnson.* In that case, the defendant was convicted of breaking and entering after he attempted to break

into the home of a teacher. The teacher testified that she was awakened by a noise and saw the defendant's head and shoulders inside her apartment window. On appeal, this Court found that "an unexplained, unlawful breaking and entering into a dwelling or building containing personal property during the nighttime raises an inference that the illegal entry was made with the intent to commit larceny." *Johnson,* 116 R.I. at 454, 358 A.2d at 373. Although the *Johnson* case did not specifically define what constitutes an entry, we conclude that the trial justice's instruction in this case describing what constitutes an "entry" was proper, consistent with the *Johnson* case, and in accord with the definition of entry set forth below, which we hereby adopt:

"There is an entry when any part of the defendant's person passes the line of the threshold.

"Thus, there is an entry when the defendant, after opening a closed door, steps across the threshold; when, after breaking the glass of a door or window, he reaches inside to unlock the door or window or to steal property; when, in the course of breaking the glass of a door or window, his finger, hand, or foot happens to pass through the opening; or when, in the course of pushing open a closed door or raising a closed window, his finger or hand happens to pass the line of the threshold or to pass through the opening." 3 *Wharton's Criminal Law* § 322 at 247–48 (15th Torcia ed.1995).

For these reasons, the trial justice did not err in instructing the jury on the offense of breaking and entering. Thus, we affirm the convictions and deny the defendant's appeal.