■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD MASON, Appellant. [739 NYS2d 257] —Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered April 14, 1998, convicting defendant, after a jury trial, of burglary in the first degree (two counts) and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 18 years, 18 years, 15 years and 7 years, respectively, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence that he knowingly entered the building unlawfully is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the verdict was based on legally sufficient evidence. Upon our independent review, we also conclude that the verdict was not against the weight of the evidence. "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so." (Penal Law § 140.00 [5].) The jury could have reasonably concluded that a posted sign unequivocally warned defendant that visitors were not licensed to go beyond the building lobby unless they signed a registry at a desk (*see, People v Taylor,* 190 AD2d 628, *lv denied* 81 NY2d 1020). The evidence also warranted the conclusion that the effect of such notice was not undermined by the fact that visitors sometimes managed to enter without complying with the requirement of signing the registry.

To the extent that a portion of the prosecutor's summation may be viewed as containing an erroneous statement of law, it did not deprive defendant of a fair trial, since the court's charge was sufficient to prevent any prejudice and there was no pat-

tern of egregious misconduct (*see, People v D'Alessandro*, 184 AD2d 114, 119, *lv denied* 81 NY2d 884).

On the record before us, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

Defendant's remaining contentions are unpreserved, or expressly waived, and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Mazzarelli, Buckley, Ellerin and Lerner, JJ.