◼ In the Matter of MICHAEL H., a Person Alleged to be a Juvenile Delinquent, Appellant. [742 NYS2d 103] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Richmond County (Porzio, J.), dated September 27, 2000, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and menacing in the third degree, and (2) an order of disposition of the same court, dated October 27, 2000, which, upon the fact-finding order, adjudicated him a juvenile delinquent and placed him on probation for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, as the period of placement has expired (see Matter of Jacqueline S., 284 AD2d 398; Matter of Carlos S., 243 AD2d 569); and it is further,

Ordered that the order of disposition is modified, on the law, by vacating the provision thereof which adjudicated the appellant a juvenile delinquent based upon the finding that he committed an act which, if committed by an adult, would have constituted the crime of menacing in the third degree and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewing the evidence in the light most favorable to the presentment agency (cf. People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the appellant committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree. Resolution of issues of credibility and the weight to be accorded

to the evidence presented are primarily questions for the trier of fact (*cf. People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf. People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (*cf.* CPL 470.15 [5]).

However, we find that the evidence was legally insufficient to establish the crime of menacing in the third degree beyond a reasonable doubt because it did not establish that the complainant had a well-founded fear of serious physical injury (*see Matter of Akida L.,* 170 AD2d 680; *see also Matter of Steven W.,* 294 AD2d 370 [decided herewith]). Florio, J.P., Smith, Krausman and Townes, JJ., concur.