■ In the Matter of TYSHAWN J., a Child Alleged to be a Juvenile Delinquent, Appellant. [757 NYS2d 38] —Order of disposition, Family Court, New York County (Mary Bednar, J.), entered on or about February 11, 2002, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of burglary in the third degree and criminal trespass in the third degree, and placed him in the custody of the New York State Office of Children and Family Services for confinement for a period of 18 months, unanimously modified, on the law, to vacate the finding that appellant committed acts which, if committed by an adult, would constitute the crime of criminal trespass in the third degree, and to dismiss that count of the petition, and otherwise affirmed, without costs.

The lack of a license or privilege to be in or upon premises and the element of entering or remaining with intent to commit a crime may be proved by circumstantial evidence (see People v Quinones, 173 AD2d 395 [1991], lv denied 78 NY2d 972 [1991]). Here, the evidence, showing that appellant remained upon the subject commercial premises well after the close of the business day, when there was no receptionist at the front desk, the lights were off, and no one else was present

in the interior offices, and despite a posted sign unequivocally instructing that visitors were not to go beyond the reception area unless they rang the bell, provided ample basis for the factfinder to infer that appellant knew that the premises were not at the time open to the public (*see People v Powell,* 58 NY2d 1009, 1010 [1983]; *People v Mason,* 292 AD2d 294 [2002]; *People v Watson,* 221 AD2d 264 [1995], *lv denied* 87 NY2d 926 [1996]).

The elements of burglary in the third degree were established by legally sufficient evidence, and the finding that appellant intended to commit a crime while nonpermissively remaining on the subject premises was not against the weight of the evidence (*see People v Taylor,* 190 AD2d 628, 629 [1993], *lv denied* 81 NY2d 1020 [1993]).

Appellant's argument that the petition fails to meet the jurisdictional requirements of the Family Court Act is without merit (*see Matter of Dirhim A.,* 178 AD2d 339, 340 [1991]).

We modify only to vacate the finding that appellant committed acts which, if committed by an adult, would constitute criminal trespass in the third degree and to dismiss the corresponding count from the petition. As the presentment agency concedes, because criminal trespass in the third degree is a lesser included offense of burglary in the third degree, appellant should not have been found to have committed acts constituting both offenses (*see Matter of Jacqueline S.,* 284 AD2d 398, 399 [2001]). There is, however, no basis to remand for either a new trial or resentencing with respect to the remaining count. Concur—Buckley, P.J., Tom, Rosenberger, Ellerin and Williams, JJ.