■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON CARDONA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MILTON CARDONA, Respondent. [781 NYS2d 9]—

Judgments, Supreme Court, Bronx County (Joseph Cohen, J., at plea and sentence; John Byrne, J., at resentence), rendered July 27, 1994, as amended October 3, 2002, convicting defendant, upon his pleas of guilty, of two counts of attempted burglary in the second degree, and resentencing him to concurrent terms of 1 to 3 years, unanimously affirmed. Order, same court (Caesar Cirigliano, J.), entered September 17, 2002, which granted defendant's motion to set aside the July 27, 1994 sentence on the ground that defendant was not a second violent felony offender, unanimously affirmed. Judgments, same court (Barbara Newman, J.), rendered March 15, 2002, convicting defendant, upon his pleas of guilty, of two counts of attempted burglary in the second degree and sentencing him, as a persistent violent felony offender, to concurrent terms of 12 years to life, unanimously modified, on the law, to the extent of vacating the persistent violent felony offender adjudication and the sentence imposed and remanding for resentencing as a second violent felony offender, and otherwise affirmed.

On October 25, 1991, defendant was convicted, in Rhode Island, of burglary, pursuant to a plea of nolo contendere, and sentenced to a term of 6 years, the first 2 to be served and the remaining 4 suspended, with 4 years of probation to commence upon release. On July 27, 1994, he pleaded guilty, in New York, to two counts of attempted burglary in the second degree, was adjudicated a predicate violent felon on the basis of the Rhode

Island conviction, and was sentenced to two concurrent indeterminate terms of 2½ to 5 years. On October 15, 2001, defendant pleaded guilty, in New York, to three counts of attempted burglary in the second degree. Following a hearing, he was adjudicated a persistent violent felon and sentenced to an indeterminate term of 12 years to life.

On March 13, 2002, defendant moved, pursuant to CPL 440.20, to have the sentence imposed for his 1994 conviction as a predicate violent felon set aside on the ground, inter alia, that burglary, as defined in Rhode Island, did not encompass all the elements required by New York's burglary statute. Following a hearing, the motion was granted, and on October 3, 2002, defendant was resentenced on his 1994 plea to attempted burglary in the second degree to concurrent terms of 1 to 3 years.

Defendant appeals from the 1994 and 2002 judgments. The People appeal from the order granting defendant's CPL 440.20 motion. The issue before us is whether, on the basis of his Rhode Island burglary conviction, defendant was properly adjudicated a second violent felony offender for purposes of sentencing on his July 1994 conviction of attempted burglary in the second degree and a persistent violent felony offender for purposes of sentencing on his March 15, 2002 conviction of attempted burglary in the second degree.

Penal Law § 70.04 (1) (b) (i) provides that an out-of-state conviction is a predicate violent felony conviction if it is a conviction of an "offense which includes all of the essential elements of any such felony for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state."

A person is guilty of burglary in the third degree in New York when he "knowingly enters or remains unlawfully in a building with intent to commit a crime therein" (§ 140.20); the person is guilty of burglary in the second degree when the building is a dwelling (§ 140.25 [2]). In Rhode Island, burglary is defined by common law as "breaking and entering the dwelling-house of another in the night time with the intent to commit a felony therein, whether the felony be actually committed or not" (*State v Hudson*, 53 RI 229, 230, 165 A 649, 650 [1933]). The entry must be unlawful or without permission (*State v Dyer*, 813 A2d 71, 75-76 [RI 2003]). However, "breaking" is used in a "technical rather than popular sense" to mean removing an obstacle, by force, that if left untouched would prevent entrance (*State v Simpson*, 611 A2d 1390, 1393 [RI 1992] [internal quotation marks and citations omitted] [opening or removing screen on window constituted breaking]), and the required element of the

use of force can be satisfied by "the mere opening of a closed door" (*State v Fernandes,* 783 A2d 913, 916 [RI 2001]; *State v Charette,* 688 A2d 1286, 1289 [RI 1997] [opening screen door in order to knock on front door constituted breaking]). Since opening a closed door may constitute breaking, knowledge that entry is unlawful cannot be inferred from the requirement of "breaking" alone. Thus, unlike New York law, Rhode Island law, on its face, does not require proof that the defendant knew his entry was unlawful or without permission and, on its face, a conviction of burglary in Rhode Island does not constitute a predicate violent felony conviction in New York.

We do not find that the material element of knowingly unlawful entry under New York law is supplied by implication under Rhode Island law. The People argue that a comparison of discussions of the element of unlawful entry in Rhode Island cases with the discussions of that element in New York cases demonstrates that under Rhode Island law, just as under New York law, knowledge that entry was unlawful may be presumed from the evidence indicating that entry was unlawful. For example, this Court rejected claims of evidentiary insufficiency as to burglary in *People v Mason* (292 AD2d 294 [2002], *lv denied* 99 NY2d 630 [2003]) and in *People v Durecot* (224 AD2d 264 [1996], *lv denied* 88 NY2d 878 [1996]). We found in *Mason* that the evidence established that visitors to the building were not licensed to go beyond the lobby without signing a registry and in *Durecot* that the evidence established that the space behind the receptionist's desk was off limits to persons otherwise allowed in the reception area. The Supreme Court of Rhode Island affirmed a burglary conviction in *State v Dyer* (*supra,* 813 A2d 71 [2003]) on the ground that the evidence supported a finding that the defendant did not have permission to enter his estranged wife's apartment and that he entered with the intent to kill her. However, while it may be inferred from the evidence of unlawful entry adduced in *Dyer* that the defendant in that case knew his entry was unlawful, this is not equivalent to requiring evidence, as a necessary element of the crime, that the defendant knew his entry was unlawful, as is the case in New York.

The People contend that defendant's predicate violent felony offender status is mandated by *People v Toliver* (226 AD2d 255 [1996], *lv denied* 88 NY2d 970 [1996]), in which this Court affirmed the adjudication of a persistent violent felony offender based on a previous conviction under a Georgia burglary statute that did not explicitly require knowledge that entry was without consent. However, this Court rejected the defendant's conten-

tion that the Georgia statute lacked the mens rea of the New York statute on the ground that the Georgia statute contained "express statutory provisions, requiring acquittal where intention is lacking or where the otherwise unlawful act or omission is justified by the defendant's misapprehension of fact" (*id.* at 256 [internal quotation marks and citations omitted]).

The People argue that just as New York's Penal Law recognizes that a mistake of fact can relieve a person of criminal liability if it "negatives the culpable mental state required for the commission of an offense" (Penal Law § 15.20 [1] [a]), Rhode Island recognizes a mistake-of-fact defense in its common-law decisions. In support of this argument, they advance the cases of *State v Dellatore* (761 A2d 226 [RI 2000]) and *State v Tevay* (707 A2d 700 [RI 1998]). In *Dellatore*, the Supreme Court of Rhode Island affirmed a second-degree murder conviction, holding that, while "[i]n appropriate circumstances, this Court does recognize the mistake-of-fact defense" (at 231), the trial court's instructions, that in order to convict the defendant of second-degree murder the jury must find that she acted with the intent to kill a living human being, rendered a mistake-of-fact instruction unnecessary. In *Tevay*, the Supreme Court affirmed a second-degree child molestation conviction, holding that the trial court's instructions that the jury must find defendant's conduct intentional beyond a reasonable doubt and not as a result of an accident were adequate, since both accident and mistake of fact related to the same defense theory. We do not find these expressions of the availability of a general mistake-of-fact defense in unspecified cases equivalent to New York's statutory provision for relieving a person of criminal liability on the ground of a mistake of fact.

We conclude that there is no indication in Rhode Island law that knowledge that entry is unlawful is an element of the offense of burglary in Rhode Island and therefore that defendant's Rhode Island burglary conviction is not the equivalent of a New York felony conviction. Accordingly, we affirm the order setting aside the sentence imposed on defendant as a second violent felony offender for his 1994 conviction and the October 2002 judgment resentencing him as a first offender, and modify the March 2002 judgment to the extent of vacating the sentence imposed on defendant as a persistent violent felony offender and remanding for sentencing as a second violent felony offender. Defendant's challenge to his 1994 judgment is rendered academic by this decision. Concur—Andrias, J.P., Ellerin, Lerner and Gonzalez, JJ.