THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DAVIS, Appellant. [821 NYS2d 208]—

Judgment, Supreme Court, New York County (Philip M. Grella, J.), rendered March 22, 2004, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. The evidence clearly established that defendant unlawfully entered a college building that had no-trespassing signs and a security guard at its entrance, and that was only open to those visitors who complied with security procedures and obtained passes (*see e.g. People v Mason*, 292 AD2d 294 [2002], *lv denied* 99 NY2d 630 [2003]; *People v Taylor*, 190 AD2d 628 [1993], *lv denied* 81 NY2d 1020 [1993]). Defendant's behavior, including his attempt to steal a laptop computer, supported the inference that he entered with criminal intent (*see People v Castillo*, 47 NY2d 270, 277-278 [1979]).

The court properly exercised its discretion in denying defendant's belated request for an adjournment so that his family might attempt to retain private counsel (*see People v Arroyave*, 49 NY2d 264, 271-272 [1980]). Defendant made this request at the commencement of the *Wade* hearing, he had already caused two other attorneys to be relieved, and he had rejected the services of yet another assigned counsel whom the court made available. Furthermore, defendant's sister advised the court that it was unlikely that the family could pay for private counsel.

The court properly permitted defendant to proceed pro se after he knowingly, intelligently and voluntarily waived his right to counsel. Defendant unequivocally invoked his right to self-representation, and the court's searching inquiry established that he understood the dangers and disadvantages of proceeding pro se and the value of legal representation (*see People v Arroyo*, 98 NY2d 101 [2002]; *People v Smith*, 92 NY2d 516 [1998]).

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Andrias, Sullivan, Nardelli and McGuire, JJ.