■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT TYLER, Appellant. [42 NYS3d 106]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered June 12, 2014, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously modified, on the law, to the extent of vacating the second violent felony offender adjudication and sentence, and remanding for resentencing, and otherwise affirmed.

Defendant's conviction of burglary under South Carolina Code Annotated § 16-11-312 (A) did not qualify as a predicate felony to enhance defendant's sentence because the South Carolina statute does not contain all of the essential elements of a comparable New York felony. To be guilty of burglary in the second degree in New York, a defendant must knowingly enter or remain unlawfully in a dwelling with the intent to commit a crime therein (Penal Law § 140.25 [2]). The absence of the term "knowingly" from the South Carolina statute precludes its use as a predicate felony conviction (*People v Helms*, 141 AD3d 1138 [4th Dept 2016], *lv granted* 28 NY3d 939 [2016]; *People v Cardona*, 9 AD3d 337 [1st Dept 2004], *lv denied* 3 NY3d 739 [2004]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.